# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE ERVIN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:18-cv-02271-JDT-cgc |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER TO MODIFY THE DOCKET,
## DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On April 20, 2018, Plaintiff Willie Ervin Moore a/k/a Julian Franklin Carter II a/k/a Willie Ervin Minter, Jr., an inmate currently housed at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee,[1] filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not pay the civil filing fee or submit a properly supported motion to proceed *in forma pauperis*, though he did submit an inmate trust account statement. (ECF No. 2.) The Clerk shall record the Defendants as Shelby County,

---

[1] The Clerk is directed to MODIFY the docket to reflect Plaintiff's aliases, which were obtained from previous cases. In addition, Plaintiff was incarcerated at the Northwest Correctional Complex when he filed this case, but a more recent filing in this District, *Moore v. Hicks*, No. 2:18-cv-02669-JDT-cgc, shows he is now at the MCCX. The Clerk is directed to update Plaintiff's address accordingly and send a copy of this order to him at that updated address.

Tennessee and the City of Memphis;[2] Amy Weirich,[3] District Attorney General for the 30th

Judicial District of Tennessee and the District Attorney's Office; Jim Strickland, the Mayor

of Memphis; James C. Beasley, formerly a Criminal Court Judge for the 30th Judicial

District of Tennessee; and Memphis Police Sergeant Lee Rayborn.

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil

action must pay the full civil filing fee. The PLRA merely provides the prisoner the

opportunity to make a "downpayment" of a partial filing fee and pay the remainder in

installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen

an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at

the initiation of the proceeding or over a period of time under an installment plan. Prisoners

are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds

by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment

payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought
> an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

---

[2] Moore's claims against the Shelby County Jail (officially the Shelby County Criminal Justice Center) and the Memphis Police Department are treated as claims against Shelby County and the City of Memphis, respectively.

[3] Weirich is mistakenly identified in the complaint as Amy Wirest.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed numerous previous actions in federal court, at least five of which were dismissed for failure to state a claim or as frivolous.[4] Therefore, he may not file any action in which he proceeds *in forma pauperis* unless he sufficiently alleges that he is under imminent danger of serious physical injury. "The danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008), *quoted in Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011).

Plaintiff alleges he was denied credit on a state prison sentence for six months he spent in the Shelby County Jail from February 2011 to August 2011. He asks that the credit be applied to his sentence or that his sentence by suspended, as well as $250 per day in damages for each day spent in the Jail. (ECF No. 1 at 5-6.)

The complaint in this case does not come within the exception to 28 U.S.C. § 1915(g); therefore, the Court cannot address its merits unless Plaintiff first tenders the civil filing fee. Accordingly, leave to proceed *in forma pauperis* is DENIED pursuant to

---

[4] Plaintiff previously filed *Moore v. Thompson Court Apartments*, No. 2:08-cv-02278-JDT-tmp (W.D. Tenn. Feb. 18, 2009) (dismissed for failure to state a claim); *Moore v. Shelby Cnty., et al.*, No. 2:06-cv-02253-JDB-tmp (W.D. Tenn. Sept. 1, 2006) (dismissed for failure to state a claim); *Minter v. Morgan, et al.*, No. 2:98-cv-02647-G/A (W.D. Tenn. Aug. 7, 1998) (dismissed as frivolous); *Minter v. Morgan*, No. 2:98-cv-02629-Tu/A (W.D. Tenn. July 27, 1998) (dismissed as frivolous); *Minter v. Freeman, et al.*, No. 2:95-cv-03033 (W.D. Tenn. May 29, 1996) (dismissed as frivolous).

28 U.S.C. § 1915(g).  This action is DISMISSED without prejudice, and his motion to appoint counsel is DENIED as moot.  Plaintiff may, within twenty-eight (28) days after the entry of judgment, re-open this case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Plaintiff in this case would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE